IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AMANDA FORESHEE | § | |
| | § | |
| v. | § | Case No. 2:15-CV-01661-RWS-RSP |
| | § | |
| WAL-MART ASSOCIATES, INC. | § | |

## MEMORANDUM ORDER

Before the Court is the Defendant's Motion For Intradistrict Transfer (Dkt. No. 7) filed on December 11, 2015. Defendant seeks the transfer of this action to the Tyler Division of this Court. Plaintiff asserts various claims arising under the Family and Medical Leave Act and Title VII relating to pregnancy discrimination and retaliation during her employment by Defendant at the Wal-Mart store in Gun Barrel City, Henderson County, Texas.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and

inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

**A.     Proper Venue for the Case**

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

**B.     Private Interest Factors**

**1.     Relative Ease of Access to Sources of Proof**

This case will clearly involve some documents, virtually all of which will be located at the Wal-Mart store in Gun Barrel City. Plaintiff has not identified any documents that will be located in Marshall.

**2.     Availability of Compulsory Process to Secure the Attendance of Witnesses**

It appears that most of the relevant witnesses would be subject to compulsory process either in Marshall or in Tyler.

### 3. Cost of Attendance for Willing Witnesses

The Complaint identifies three witnesses who were then employed by Wal-Mart. Those three, the plaintiff, and any representatives of the store would all have to travel by the Tyler courthouse to come to court in Marshall.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Defendants moved for transfer promptly and no significant proceedings have yet occurred in Marshall.

## C. Public Interest Factors

### 1. Administrative Difficulties Flowing From Court Congestion

The parties have not identified any considerations that relate solely to this factor.

### 2. Local Interest in Having Localized Interests Decided at Home

While there is no significant local interest in this matter in the Tyler Division, there is more there than in the Marshall Division.

### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

## CONCLUSION

The Court finds that the convenience of the parties and the witnesses within the meaning of 28 U.S.C. §1404(a) is clearly best served by transfer of this case to the Tyler Division of this Court. Accordingly,

IT IS ORDERED that the Clerk transfer this action without delay to the Tyler Division of this Court and re-assign the case to appropriate judicial officers within that Division.

**SIGNED this 11th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE